111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America ex rel. William RUETTER, Plaintiff-Appellant,
v.
Richard SPARKS and Dale Wiewel, doing business as Sparks &
Wiewel, Defendants-Appellees.
 No. 96-3454.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1997.*
Decided March 27, 1997.
 
 Before EASTERBROOK, KANNE and EVANS, Circuit Judges.
 
 Order
 
 1
 Relator William Ruetter contends, in this qui tam action under the False Claims Act, that contractor Sparks & Wiewel defrauded the United States by submitting documents showing compliance with the Davis-Bacon Act, when in fact the firm was not paying the prevailing wage for maintenance work performed in the course of a federally funded project. After a bench trial, the district judge concluded that the statements (submitted under the Copeland Act, 40 U.S.C. § 276c) had been false, but that the falsehoods were negligent rather than intentional, and that the False Claims Act therefore had not been violated. Ruetter appeals, accepting the district judge's legal conclusions but contending that the key finding of fact is clearly erroneous.
 
 
 2
 One who contends that a finding is clearly erroneous has an exceptionally heavy burden on appeal. Anderson v. Bessemer City, 470 U.S. 564 (1985). That the contested finding concerns the ultimate issue in the case does not reduce the appellant's burden. Pullman-Standard v. Swint, 456 U.S. 273, 285-90 (1982). The district court's conclusion cannot be called clearly erroneous. On the basis of testimony heard in court, the judge concluded that defendants had an actual, albeit mistaken, belief that it was proper to pay employees their normal rate ($8.00 per hour) for time maintaining their equipment rather than at the "prevailing wage" of $18.00 per hour paid for their time operating bulldozers and other heavy gear.
 
 
 3
 Ruetter's principal riposte is that defendants knowingly submitted forms that were false. If a worker performed an hour of maintenance on Monday, and another hour on Tuesday, combined with seven hours (each day) of work concededly eligible for the $18 wage, defendants would report that he worked eight hours on Monday and seven hours on Tuesday, all at the $18 rate. This form incorrectly identified the number of hours worked at a particular rate, but it stated the approximate pay received by each worker. ("Approximate" because Sparks did not perform an exact calculation before completing the forms.) Ruetter believes that defendants showed a single $18 rate to avoid the inquiry that would have followed had the form disclosed that some labor was paid at $8 per hour. Sparks testified, however, that he filled out the forms as he did because the firm lacks a bookkeeping department, and he completed all of the forms manually in back-of-the-envelope fashion in order to save time. The district judge believed him, which is sufficient to support a judgment in defendants' favor.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). The oral argument formerly scheduled for April 24, 1997, is cancelled